UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS BROWN, *individually and as Personal Representative of the Estate of Ja'colby Duran Brown, decedent*, et al.,

       Plaintiffs,

v.

CITY OF MUSKEGON, et al.,

       Defendants.
_____/

Case No. 1:16-cv-1166

HON. JANET T. NEFF

## **MEMORANDUM OPINION**

Plaintiffs filed this wrongful death action to recover damages against various Defendants for the deaths of Plaintiffs' decedents, Ja'Coby Duran Brown and Dupree Jamar Johnson, who were allegedly shot by Defendant Jamal Quinney, while attending an event at an Elks Lodge,[1] where the Elks negligently allowed underage minor patrons to purchase and/or consume alcoholic beverages. Pending before the Court is a Motion Seeking to Set Aside Default under FED. R. CIV. P. 55(c) (Dkt 20) by Defendants City of Muskegon, Public Safety Director Jeffrey Lewis, and City Clerk Ann Marie Cummings ("Municipal Defendants"). Plaintiffs have filed a Response in opposition (Dkt 25), and the Municipal Defendants have filed a Reply (Dkt 31). The Motion to Set Aside Default is properly granted.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause …." In applying Rule 55(c), the Sixth Circuit Court of Appeals has noted

---

[1] Elks (I.B.P.O.E of W. Charity Lodge #1397)

it is important to distinguish between setting aside defaults and default judgments, with the former being granted more liberally. *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) ("*Real Property*"). A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Id.* (citations and internal quotations omitted). In fact, the Sixth Circuit has "indicated a 'strong preference for trials on the merits.'" *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986)).

Three equitable factors are considered in determining whether "good cause" has been shown to set aside entry of a default: "'(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992) (citation omitted)); *see also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 n.3 (6th Cir. 2003).[2] "'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (quoting *Shepard Claims*, 796 F.2d at 194. "[A] district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib.,* 340 F.3d at 353; *see also United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010).

---

[2]The test is also stated as whether: "'(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distrib.,* 340 F.3d at 353 (citations and quotations omitted).

Here, the factors support setting aside the defaults against the Municipal Defendants for the reasons argued. The Court is persuaded that Defendants' default was inadvertent, these Defendants have a meritorious defense, and setting aside the defaults will not unduly prejudice Plaintiffs.

Plaintiffs initiated this action with the filing of a Complaint on September 22, 2016. Without serving any Defendant, Plaintiffs filed their First Amended Complaint on September 26, 2016. Following a Notice of Impending Dismissal from this Court, Plaintiffs filed their Second Amended Complaint on December 19, 2016. Service by mail upon the Municipal Defendants occurred during the Christmas holiday period. Defendants state they do not undertake their own defense in cases such as this, but rather, the lawsuit documents are forwarded to the Michigan Municipal Risk Management Authority, which then retains counsel on the Defendants' behalf. Defendants acknowledge that in this case, the confirmation of service was simply not communicated to defense counsel.

These circumstances reflect no culpable conduct on Defendants' part, i.e., "'either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dassault Systemes*, *S.A.*, 663 F.3d at 841 (citation omitted). Further, setting aside the defaults will not result in any undue "delay" or any "prejudice." The defaults against Defendants City of Muskegon and Jeffrey Lewis were entered by the Court on January 24, 2017; the default against Defendant Ann Marie Cummings was entered January 25, 2017, and Defendants moved to set aside all three defaults that same day (Dkt 20).

Finally, Plaintiffs premise the Municipal Defendants' liability on allegations that they "could have and should have" requested the Michigan Liquor Control Commission to revoke the Elks' license to sell alcoholic beverages, and themselves "could have and should have" revoked the Elks'

3

"business certificate of registration," before the event at which the Plaintiffs' decedents were shot (Dkt 11 at PageID.236-237). Additionally, the Municipal Defendants should have had law enforcement "visually or physically" present outside or near the Elks Lodge at the time of the shooting and should have taken numerous other actions given the history of code violations, complaints, and violence at the Lodge (*id.* at PageID.238-257). However, the Municipal Defendants have set forth meritorious defenses, including immunity, to all of Plaintiffs' claims. Moreover, they raise a question whether Plaintiffs have stated a cognizable state-law claim against the City of Muskegon under Michigan law. The Municipal Defendants have made the requisite showing for setting aside the defaults.

Plaintiffs strongly oppose setting aside the defaults. They state that the Municipal Defendants were or should have been well-aware of the filing of this lawsuit from media reports, and Defendants present "mere conclusory and/or highly suspicious and unverified excuses" for failing to timely respond to Plaintiffs' Second Amended Complaint (Dkt 24 at PageID.339). They argue that "excusing the Defendants' default will lead to increased difficulties in discover [sic] and greater opportunities for fraud and collusion" (*id.* at PageID.344). Plaintiffs' arguments provide no persuasive basis for disregarding the well-established legal standards that favor a decision on the merits where the relevant factors for setting aside the defaults are met, as here.

Defendants' Motion to Set Aside Default is properly granted. An Order will enter consistent with this Memorandum Opinion.


Dated: April 14, 2017          /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge